Baldwin, J.
delivered the following as the opinion of the court:
The court is of opinion that the act of assembly authorizing wills admitted to probat to be contested by a bill in chancery at any time within seven years thereafter, applies only to written, and not to nuncupative wills; and that the nuncupative will in question having been admitted to probat by a court of competent jurisdiction, after the appellee had been regularly summoned by its process to appear and contest the same, if she thought proper so to do, the sentence of the court of probat was binding upon her, and could not be impeached, except by appeal therefrom, or by a bill in equity founded upon her having been prevented by fraud or accident from making her defence in the court of probat. And the court is further of opinion, not only that the appellee was not prevented by fraud or accident from contesting the said will in the court of *437 probat, but moreover that it clearly appears from the evidence in this cause, that the same was made by the testator in his last sickness, when he was of sound disposing mind and memory, and with the solemnities required by law. The court is consequently of opinion that there is no error in the decree of the circuit court, so far as the same sustains the validity of the said nuncupative will, and the sufficiency of the probat thereof, whether regard be had to the first or the last sentence of the court of probat: and is also of opinion that there is no error therein in recognizing the validity of the division made between the testator and bis two brothers of their father’s real estate, and the allotment to the testator of the place called Marshalls, and his accountability for his due share of the balance of the purchase money thereof. But the court is of opinion that the said nuncupative will was of no effect in law in relation to the testator’s real estate, or the profits to accrue therefrom; and that, by its true construction, the testator intended that his wife should have in absolute ownership the slaves and other personal property specifically bequeathed to her, together with her legal rights in his estate as his widow, and nothing more. And the court is further of opinion that the testator’s posthumous child inherited his real estate, subject to the widow’s right of dower therein, and was entitled under the will (after payment of debts) to the slaves not specifically bequeathed, subject to the widow’s life estate in one third thereof, and to distribution with the widow, in conformity to law, of the other personal estate not specifically bequeathed: and that upon the death of said child, his interest in the real estate descended to his paternal uncles, Robert and Charles C. Page, and his interest in the slaves and other personal property passed to the said Robert and Charles C. Page, under the executory bequest in their favour contained in said will. The court is therefore of opinion that the *438 said decree of the circuit court is erroneous, so far as the same is incompatible with the rights of the parties as above expressed, and so far as the same gives costs to the appellee, instead of the appellants: and in these respects it is considered by the court that the said decree be reversed and annulled, and that the appellants recover against the appellee their costs by them expended in the prosecution of their appeal aforesaid here. And the cause is remanded to the said circuit court, for assignment to the appellee of her dower in the real estate, including Marshalls, after setting aside the order of abatement as to the defendant Robert Page, and reviving the suit against the representatives of his real estate ; and for further proceedings in conformity with the views above declared, after a revival of the suit against the executor or administrator of the said Robert Page.